O

FILED
CLERK, U.S. DISTRICT COURT

SEP - 3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MORONES,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. CV 13-1235 JFW (JCG)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I.
## INTRODUCTION

On February 20, 2013, plaintiff Timothy Morones ("Plaintiff") filed a complaint against defendant Carolyn W. Colvin ("Defendant"), Acting Commissioner of Social Security Administration, seeking review of the denial of his application for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB"). On November 18, 2013, the parties filed a Joint Stipulation.

On March 10, 2014, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that the Commissioner's decision denying benefits be affirmed. (R&R at 2, 11.) On March 28, 2014, Plaintiff filed

objections to the R&R ("Objections").

## II.

## DISCUSSION

In sum, Plaintiff's Objections restate the arguments made in the Joint Stipulation. Consequently, none of the grounds raised by Plaintiff have caused the Court to alter the Magistrate Judge's recommendation to affirm the Commissioner's denial of benefits. That said, the Court believes that two issues merit brief amplification.[1/]

First, Plaintiff reiterates his argument that his residual functional capacity ("RFC") did not "encompass[] all limitations supported by the record." (Objs. at 6.) But "[t]he [Administrative Law Judge ("ALJ")] was not required to incorporate evidence from the opinions of [Plaintiff's] [] physicians, which were permissibly discounted." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Indeed, as cited by the R&R, the ALJ properly rejected the opinions of Drs. Lorant, Trevisano, and Law because, among other things: (1) their extreme assessments were not supported by treatment notes; and (2) Plaintiff's alleged limitations were controlled by medication. (*See* R&R at 2-5.)

Nor was the ALJ required to incorporate Plaintiff's properly rejected subjective complaints into the RFC. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). As noted in the R&R, the ALJ also provided four clear and convincing reasons for discounting Plaintiff's credibility, specifically: (1) a lack of objective evidence; (2) a conservative treatment plan; (3) medical noncompliance; and (4) inconsistent statements regarding his daily activities. (*See* R&R at 8-10.)

Moreover, while Plaintiff may disagree with the ALJ's interpretation of the evidence, mere disagreement does not amount to reversible error. Where evidence

---

[1/] Plaintiff's contentions *not* addressed herein have been fully and properly addressed in the R&R.

is susceptible to more than one rational interpretation, the ALJ's conclusion shall be upheld. *See Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).

Second, Plaintiff argues that "the Magistrate Judge [improperly] undertook an independent analysis of whether [] Listing 12.05C was met[.]" But Plaintiff appears to misinterpret the R&R. As the Magistrate Judge explained, because Plaintiff was unable to demonstrate a *valid* verbal IQ score, an essential element of Listing 12.05C, the ALJ did not err in failing to address the Listing. (R&R at 8); *see Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (explaining that it is *Plaintiff's* burden to prove that he meets or equals a Listing.)

Furthermore, to the extent that Plaintiff argues that the ALJ failed to address whether he *equaled* Listing 12.05C, the regulations explicitly provide that "[i]f you do not follow prescribed treatment without a good reason, we will not find you disabled[.]" 20 C.F.R. §§ 404.1530(b), 416.930(b); *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (finding medical noncompliance properly precludes a finding that claimant meets or equals a listing). Here, as noted in the R&R, the ALJ properly found that Plaintiff's physical and mental symptoms improved when he took his medication. (*See* R&R at 6, 9; AR at 27-28, 33, 346, 366, 374); *see Lewis*, 236 F.3d at 513 (an ALJ is required to "discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading "Findings.") As such, Plaintiff has failed to set forth a plausible combination of impairments that equal Listing 12.05C.

## III.
## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Joint Stipulation, all of the records herein, the Report and Recommendation of the United States Magistrate Jdge, and the Objections to the Report and Recommendation. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which the Objections were directed.

The Court concurs with and adopts the Magistrate Judge's Report and Recommendation.  Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: September 2, 2014

                                              HON. JOHN F. WALTER
                                              UNITED STATES DISTRICT JUDGE